Per Curiam.

Appellants contend that the order of the Public Utilities Commission is against the weight of the evidence and is unlawful,, arbitrary, and an abuse of discretion. It does not appear from an examination of the record that the order of the commission is unlawful, arbitrary, or an abuse of discretion. This court will not substitute its judgment on questions of fact for that of the commission. Baltimore & Ohio *291 Rd. Co. v. Public Utilities Commission, 156 Ohio St., 282, 102 N. E. (2d), 246.
Appellants contend further that under authority of Section 4907.49, Revised Code, railroad crossings located within municipal corporations are excluded from, the jurisdiction of the Public Utilities Commission.
Section 4907.49, Revised Code, provides in part:
“If a crossing within a municipal corporation is considered dangerous * * *the proper authorities of the municipal corporation * * * may construct, purchase, and operate an available safety device * * *. The cost of the construction, maintenance, and repair shall be borne by the municipal corporation $ «S # )>
The above-quoted amendment to the statute, added in 1937 (117 Ohio Laws, 656), did not repeal or amend by implication, and is not inconsistent or incompatible with, the provisions of Section 4907.47, Revised Code, authorizing the Public Utilities Commission to order a railroad company to install mechanical devices at a street crossing the commission finds dangerous, which latter provisions were in effect when the above-quoted amendment was passed. That amendment did not take from the commission jurisdiction over railroad crossings within municipal corporations or give to municipal corporations power to order railroads to install safety devices at crossings within the corporate limits. Such statute authorizes municipalities to purchase, install and maintain safety devices at railroad crossings within their corporate limits, if crossings are considered dangerous, and to pay for the same from the general revenue fund or any fund made available for that purpose.
Appellants contend further that the commission erred in failing to comply with Section 4903.09, Revised Code, which requires the commission to file “findings of fact and written opinions setting forth the reasons prompting the decisions arrived at, based upon said findings of fact.” This court is of the opinion that the section has been sufficiently complied with by the commission in its opinion reciting that “the commission hereby adopts as its own, as if fully rewritten herein, * * * the ‘examiner’s discussion’ as the same is contained in the examiner’s report * * *; the ‘ findings ’ as the same are con *292 tained in the examiner’s written report and hereby reiterates the following findings * * See Mt. Vernon Telephone Corp. v. Public Utilities Commission, 163 Ohio St., 381, 127 N. E. (2d), 14.
The order of the commission is affirmed.

Order affirmed.

Matthias, Hart, Zimmerman, Stewart, Bell and - Taft, JJ., concur.
Weygandt, C. J., not participating.